United States District Court
Southern District of Texas
**ENTERED**
February 27, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ERIC FLORES (TDCJ # 2051801)<br>    Plaintiff | § § § § | |
| vs. | § | MISC. ACTION NO. M-16-1986 |
| | § § | |
| SENIOR WARDEN R. MOORE, et al.<br>    Defendants | § § | |

## REPORT & RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") and proposed civil rights complaint. (Dkt. Entry Nos. 1–2.) Having reviewed the pleadings, record, and relevant law, the undersigned respectfully recommends that Plaintiff's IFP application be **DENIED**, the complaint be dismissed without prejudice, and this miscellaneous case be closed.

### I. BACKGROUND

Plaintiff proceeds pro se. Pro se pleadings are held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Pleadings filed by a pro se litigant are entitled to a liberal construction. *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dep't*, 84 F.3d 469, 473 n.16 (5th Cir. 1996)).

In reviewing this matter, the undersigned found a related case from the Houston Division for the Southern District of Texas, which provides relevant background information for the purpose of evaluating Plaintiff's eligibility to proceed IFP in this instant case. Information from that related case is referenced in this Report. *See* FED. R. EVID. 201 (stating that a judicially noticed fact must be one not subject to reasonable dispute and capable of accurate and ready determination by resort

1

to sources whose accuracy cannot reasonably be questioned); *United States v. Capua*, 656 F.2d 1033, 1038 n.3 (5th Cir. 1981) (explaining that courts have taken judicial notice of official court records and proceedings in other state or federal court cases); *Denius v. Dunlap*, 330 F.3d 919, 927 (7th Cir. 2003) (permitting judicial notice of government records readily available in the public domain, such as the internet, because the fact of record keeping is not subject to reasonable dispute and the accuracy could not reasonably be questioned).

After reviewing the pleadings in this instant case and the Houston case, it is clear that they are virtually identical and that Plaintiff raises the same facts and claims and names the same Defendants here as he did in the Houston-Division case, 4:16-cv-01744. The Houston case has already been adjudicated and disposed of in the District Court and dismissed by the Fifth Circuit on direct appeal. As summarized in the Order of Dismissal signed by the Honorable Melinda Harmon on June 27, 2016:

> Plaintiff Eric Flores (TDCJ #2051801) is an inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). Flores has filed a civil action against the above-named defendants under 42 U.S.C. § 1983. He alleges that defendants, three supervisory officials in various prison units, violated his civil rights by being deliberately indifferent to the acts of subordinates when they allegedly subjected him to electrocution by electric chair, almost killing him. He alleges further that they conspired to set him up and entrap him for a crime he did not commit.

(H-16-1744, Dkt. Entry No. 4.) The Honorable Melinda Harmon concluded that Plaintiff is already a three-strikes inmate under 28 U.S.C. § 1915(g) and is barred from proceeding IFP, unless he could meet the "imminent danger of serious physical injury" exception. (*Id.* at 1–2.) The Honorable Melinda Harmon concluded that "[t]he pleadings in this case do not show that Plaintiff is under imminent danger of serious physical injury or that he fits within the exception found in 28 U.S.C. § 1915(g)." (*Id.* at 2.) As a result, the Houston District Court denied the IFP application and

dismissed the complaint without prejudice as barred under §1915(g). (*Id.*) Plaintiff then filed a direct appeal from the Houston case, which the Fifth Circuit dismissed on August 10, 2016, for want of prosecution. (H-16-1744, Dkt. Entry No. 11.)

The undersigned recommends that the Court deny Plaintiff's pending IFP motion in this case because he has already accumulated three strikes under the Prisoner Litigation Reform Act. Further, Plaintiff's pleading does not plausibly reflect that he is in "imminent danger of serious physical injury," which is the sole exception to the three-strikes rule under 28 U.S.C. § 1915(g).[1] This conclusion is particularly true given that Plaintiff raises the same claims and facts here in the McAllen Division as he did just five months ago in the Houston Division, where it was found that Plaintiff was unable to show "imminent danger of serious physical injury." Accordingly, Plaintiff is barred from proceeding IFP under § 1915(g).

## II.  CONCLUSION

### *Recommended Disposition*

After careful review of the record and applicable law, the undersigned respectfully recommends that Plaintiff's IFP application be **DENIED**, the complaint be dismissed without prejudice, and this miscellaneous case be closed.

---

[1] For the purposes of showing "imminent danger of serious physical injury," Plaintiff asserts in a conclusory fashion in this case that prison officials will cause his death, and he alleges that prison officials are able to tap into his and his relatives' genetic code via satellite to inflict mental pain on them at will. (*See* Dkt. Entry No. 1 at 6–7.)

*Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to Plaintiff by any receipted means.

**DONE** at McALLEN, Texas, this 27th day of February, 2017.

_____Dorina Ramos_____
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE